UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
ALLSTATE BANK, ALLSTATE INSURANCE
COMPANY, ALLSTATE LIFE INSURANCE
COMPANY, ALLSTATE NEW JERSEY
INSURANCE COMPANY, ALLSTATE LIFE
INSURANCE COMPANY OF NEW YORK,
AGENTS PENSION PLAN, and ALLSTATE
RETIREMENT PLAN,

              Plaintiffs,

      -against-

JPMORGAN CHASE BANK, N.A.; J.P.
MORGAN ACQUISITION CORPORATION;
J.P. MORGAN SECURITIES INC.; J.P.
MORGAN ACCEPTANCE CORPORATION I;
W.M. ASSET HOLDINGS CORPORATION;
WAMU ASSET ACCEPTANCE
CORPORATION; WAMU CAPITAL
CORPORATION; WASHINGTON MUTUAL
MORTGAGE SECURITIES CORPORATION;
LONG BEACH SECURITIES CORPORATION;
DAVID BECK; DIANE NOVAK; THOMAS
LEHMANN; EMC MORTGAGE
CORPORATION; STRUCTURED ASSET
MORTGAGE INVESTMENTS II INC.; BEAR
STEARNS ASSET BACKED SECURITIES I
LLC; and SACO I INC.,

              Defendants.
------------------------------------------------------------ x

Case No. 11 Civ. 1869 (DAB)

Removed from:

Supreme Court of the State of New York,
County of New York, No. 650398/2011

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that JPMorgan Chase Bank, N.A., J.P. Morgan Mortgage Acquisition Corporation,[1] J.P. Morgan Securities LLC,[2] J.P. Morgan Acceptance Corporation I, WM Asset Holdings Corporation, WaMu Asset Acceptance Corporation, WaMu Capital Corporation, Washington Mutual Mortgage Securities Corporation, Long Beach Securities Corporation, EMC Mortgage Corporation, Structured Asset Mortgage Investments II Inc., Bear Stearns Asset Backed Securities I LLC, and SACO I Inc. (collectively, the "Removing Defendants") hereby remove the above-captioned action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.[3] Because this action is "related to" bankruptcy proceedings arising under Title 11 of the United States Code, this action is removable pursuant to 28 U.S.C. §§ 1452 and 1334. Moreover, because Plaintiffs' claims against JPMorgan Chase Bank, N.A. arise under federal law, this action is removable pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1367(a).

## I.   PROCEDURAL HISTORY AND BACKGROUND

1.   On or about February 15, 2011, Plaintiffs Allstate Bank, Allstate Insurance Company, Allstate Life Insurance Company, Allstate New Jersey Insurance Company, Allstate

---

[1]   J.P. Morgan Mortgage Acquisition Corporation has been incorrectly named as "J.P. Morgan Acquisition Corporation" in the Complaint.

[2]   Although "J.P. Morgan Securities, Inc." is named in the Complaint, the current entity is known as J.P. Morgan Securities LLC.

[3]   In removing this action, the Removing Defendants preserve any and all defenses. *See, e.g., Cantor Fitzgerald, L.P.* v. *Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("[r]emoval does not waive any Rule 12(b) defenses," including "defense of lack of personal jurisdiction"); *Gay* v. *Carlson*, No. 89 Civ. 4757 (KMW), 1991 WL 190584, at *5 (S.D.N.Y. Sept. 17, 1991) ("[M]erely by removing a case from state to federal court a party does not waive any of its defenses under Rule 12(b), including a motion to dismiss for improper service.").

Life Insurance Company of New York, Agents Pension Plan, and Allstate Retirement Plan commenced this action by filing a Summons and Complaint in the Supreme Court for the State of New York, County of New York, captioned *Allstate Bank, et al.* v. *JPMorgan Chase Bank, N.A., et al.* (the "State Court Action").

2. Plaintiffs allege that they purchased 40 certificates in 26 securitization transactions (the "Certificates"), and that various Defendants were either seller/sponsor, underwriter, and/or depositor, or are currently successor to or in control of the entities that served in these roles in the relevant transactions.

3. Plaintiffs also allege that Defendants made intentional and/or negligent misrepresentations about the riskiness and credit quality of the Certificates in registration statements, prospectuses, prospectus supplements, and other written materials (collectively, the "Offering Materials"). Plaintiffs further allege that the Offering Materials contained misrepresentations about, *inter alia*, underwriting guidelines, the percentage of non-conforming loans, owner occupancy statistics, loan-to-value ratios, purpose and use of exceptions, credit ratings, and credit enhancement features.

4. The Removing Defendants' time to respond to the Complaint has not expired, and they have not pled, answered, or otherwise appeared in the State Court Action.

5. No motion or other proceedings in this action are pending in the State Court Action.

## II.   PROCEDURAL REQUIREMENTS FOR REMOVAL

6. The Removing Defendants received the Summons and Complaint on or about February 17, 2011.[4]  Copies of the Summons and Complaint, as well as all process, pleadings,

---

[4] WaMu Capital Corporation did not receive a copy of the Summons.

- 3 -

and orders served in this action, along with a stipulation between Plaintiffs and Defendants and the Consent to Removal of Defendants David Beck, Diane Novak, and Thomas Lehmann, are attached hereto as Exhibits 1 - 5.

7. This Notice of Removal is filed within 30 days of the Removing Defendants' receipt of the Complaint, and is therefore timely under 28 U.S.C. § 1446(b).

8. The Supreme Court of the State of New York, County of New York is located within the geographical boundaries of the United States District Court for the Southern District of New York.  *See* 28 U.S.C. § 112(b).

9. In accordance with 28 U.S.C. § 1446(d), the Removing Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York.  The Removing Defendants have served all parties with a copy of this Notice of Removal.

10. All Defendants who have been duly served consent to and join in this Notice of Removal.

11. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

### III.    BASIS FOR "RELATED TO" BANKRUPTCY JURISDICTION

12. This Court has original jurisdiction over this action as one "related to" bankruptcy proceedings pursuant to 28 U.S.C. § 1334(b), and this action may be removed to this Court pursuant to 28 U.S.C. § 1452(a).

13. The Certificates are backed by loans originated by entities that have filed bankruptcy petitions, or whose parent corporations have filed bankruptcy petitions, including but not limited to Aames Capital Corp. ("Aames"), Aegis Mortgage Corporation ("Aegis"),  Alliance Bancorp, Inc. ("Alliance"), AME Financial Corporation ("AME Financial"), American Home

- 4 -

Mortgage Corporation ("AHM"), Bear Stearns Residential Mortgage ("BSRM"),[5] Cal Coast Mortgage Corporation ("Cal Coast"), Cameron Financial Group, Inc. ("Cameron"), Choice Capital Funding, Inc. ("Choice Capital"), ComUnity Lending, Inc. ("ComUnity"), Fieldstone Mortgage Company ("Fieldstone"), First Magnus Financial Corporation ("First Magnus"), First NLC Financial Services, LLC ("First NLC"), Franklin Bank SSB ("Franklin"), Fremont Investment & Loan ("Fremont"), HomeBanc Mortgage Corporation ("HomeBanc"), Home Capital Funding, Inc. ("Home Capital"), Lancaster Mortgage Bankers, LLC ("Lancaster"), Maverick Residential Mortgage, Inc. ("Maverick"), Mountain View Mortgage Company ("Mountain View"), NetBank, Inc. ("NetBank"), New Century Mortgage Corporation ("New Century"), Oak Street Mortgage, LLC ("Oak Street"), SouthStar Funding, LLC ("SouthStar"), Suburban Mortgage ("Suburban"), Summit Mortgage ("Summit"), Taylor, Bean & Whitaker ("Taylor"), The Lending Company, and Town and Country (collectively, the "Bankrupt Originators").

14. The following chart lists the courts in which bankruptcy proceedings are pending for the Bankrupt Originators or their parent corporations.

| **Bankrupt Originator** | **U.S. Bankruptcy Court** |
|---|---|
| Accredited Home Lenders Holding Co. (parent holding company of Aames Investment Corp. (which itself owns Aames Capital Corp.) and BSRM) | District of Delaware, No. 09-11516 |
| Aegis | District of Delaware, No. 07-11119 |
| Alliance | District of Delaware, No. 07-10943 |
| AME Financial | Northern District of Georgia, No. 10-20191 |
| AHM | District of Delaware, No. 07-11047 |
| Cal Coast | Southern District of California, No. 06-02981 |

---

[5] BSRM was sold to Accredited Home Lenders Holding Co., an entity that is now bankrupt.

- 5 -

| | |
|---|---|
| Cameron | Central District of California, No. 08-10322 |
| Choice Capital | Northern District of Georgia, No. 07-70717 |
| ComUnity | Northern District of California, No. 08-50030 |
| Fieldstone | District of Maryland, No. 07-21814 |
| First Magnus | District of Arizona, No. 07-01578 |
| First NLC | Southern District of Florida, No. 08-10632 |
| Franklin Bank Corporation (parent corporation of Franklin Bank SSB) | District of Delaware, No. 08-12924 |
| Fremont General Corp., (parent corporation of Fremont Investment & Loan) | Central District of California, No. 08-13421 |
| HomeBanc | District of Delaware, No. 07-11079 |
| Home Capital | Southern District of California, No. 10-19896 |
| Lancaster | District of New Jersey, No. 07-22479 |
| Maverick, a.k.a. Suburban | Eastern District of Texas, No. 08-40352 |
| Mountain View | District of Nevada, No. 10-21356 |
| NetBank | Middle District of Florida, No. 07-04295 |
| New Century (jointly administered with New Century TRS Holdings) | District of Delaware, Nos. 07-10419 and 07-10416 |
| Oak Street | Southern District of Indiana, No. 07-05279 |
| SouthStar | Northern District of Georgia, No. 07-65842 |
| Summit | Northern District of California, No. 10-12653 |
| Taylor | Middle District of Florida, No. 09-07047 |
| The Lending Company | Central District of California, No. 10-20926 |
| Town and Country | Northern District of Ohio, No. 09-33264 |

15. The following chart lists securitization transactions about which Plaintiffs complain that are backed by loans originated by one or more of the Bankrupt Originators.

| Securitization | Bankrupt Originator(s) |
|---|---|
| BSABS 206-HE4 | Aames, AHM, BSRM, Fremont, Home Capital, Mountain View, Oak Street |
| BALTA 2005-4 | First Magnus, HomeBanc, Oak Street, SouthStar, Taylor |
| BALTA 2006-5 | AHM, BSRM, HomeBanc, Lancaster, SouthStar |
| BSMF 2006-SL1 | AME Financial, AHM, BSRM, Choice Capital, ComUnity, Fieldstone, First Magnus, First NLC, Franklin, HomeBanc, Home Capital, Maverick, Mountain View, New Century, SouthStar, Suburban, The Lending Company |
| JPALT 2006-A2 | NetBank |
| JPMAC 2006-FRE2 | Fremont |
| SACO 2006-3 | Aegis, AHM, Cal Coast, Choice Capital, Fieldstone, First Magnus, First NLC, Franklin, HomeBanc, Lancaster, Maverick, Mountain View, New Century, Oak Street, SouthStar, Suburban, Summit, The Lending Company |
| SACO 2006-6 | Aames, Aegis, AME Financial, AHM, BSRM, Cal Coast, Cameron, ComUnity, Fieldstone, First Magnus, First NLC, Franklin, HomeBanc, Lancaster, Maverick, Mountain View, New Century, SouthStar, Suburban, Summit, The Lending Company, Town and Country |
| WMALT 2005-4 | Alliance, AHM, First Magnus, Taylor |

16.  Pursuant to agreements containing certain indemnification provisions for the benefit of various Removing Defendants as well as statutory and common law, the Bankrupt Originators owe certain of the Removing Defendants indemnification and/or contribution for any claims arising out of actual or alleged material misstatements or omissions by the Bankrupt Originators regarding the mortgage loans underlying the Certificates.

17.  This action relates to the Bankrupt Originators' bankruptcy proceedings, because the Bankrupt Originators owe certain of the Removing Defendants indemnity and/or contribution obligations that could affect the debtor's property in the event a judgment is entered against the Removing Defendants in this action with respect to the Certificates, and/or as a result of any costs and expenses incurred by the Removing Defendants to defend against this action.

18.  Such indemnification obligations of bankrupt loan originators give the district courts original jurisdiction over the action as one "related to" bankruptcy proceedings.  *See, e.g.,*

*Abbatiello* v. *Monsanto Co.,* No. 06 Civ. 266 (KMW), 2007 U.S. Dist. LEXIS 19790, at *12-14 (S.D.N.Y. Mar. 5, 2007); *City of Ann Arbor Employees' Ret. Sys.* v. *Citigroup Mortgage Loan Trust Inc.*, 572 F. Supp. 2d 314, 315, 318-19 (E.D.N.Y. 2008); *Mass. Bricklayers & Masons Trust Funds* v. *Deutsche Alt-A Sec., Inc.*, 399 B.R. 119, 121-23 (E.D.N.Y. 2009).

19. This is not a core proceeding under 28 U.S.C. § 157(b) or Federal Rule of Bankruptcy Procedure 9027(a)(1). The Removing Defendants do not consent to entry of final orders or judgment by any bankruptcy judge.

20. Plaintiffs' claims under the Securities Act of 1933 do not render this action non-removable, because claims that are considered non-removable under the Securities Act of 1933 may nonetheless be removed pursuant to "related to" bankruptcy jurisdiction. *See Cal. Pub. Employees' Ret. Sys.* v. *Worldcom, Inc.*, 368 F.3d 86, 108 (2d Cir. 2004).

### IV. PLAINTIFFS' CLAIMS AGAINST JPMORGAN CHASE BANK, N.A. ARISE UNDER FEDERAL LAW

21. The Defendants also remove this case because Plaintiffs' claims against JPMorgan Chase Bank, N.A. ("JPMC Bank") arise under federal law.

22. Plaintiffs do not allege that JPMC Bank committed any wrongful act. Instead, Plaintiffs allege that JPMC Bank "is a defendant in this action solely as the successor in interest to Washington Mutual Bank, and no claims are brought against JPMC Bank in its own right." (Compl. ¶ 16.)

23. Under 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1441(b), a defendant may remove "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." A "cause of action necessarily arises under federal law" and removal is

appropriate if a federal law has "pre-emptive force." *Beneficial Nat'l Bank* v. *Anderson*, 539 U.S. 1, 9, 11 (2003). "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id*. at 8. A federal law completely preempts state law if it "provide[s] the exclusive cause of action" for the plaintiff's claims. *Id*. at 9. "If so, then the cause of action necessarily arises under federal law and the case is removable." *Id*.

24.     Pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), all claims "relating to any act or omission" of a bank placed in receivership must be filed with the Federal Deposit Insurance Corporation ("FDIC") in accordance with Title 12 of the U.S. Code. *See* 12 U.S.C. §§ 1821(d)(3)-(11), 1821(d)(3)(13). FIRREA further provides that if a claimant fails to meet the requirements of Title 12 for a claim "relating to any act or omission of [a failed bank] or the [FDIC] as receiver," then "no court shall have jurisdiction over" the claim. *Id*. § 1821(d)(13)(D). Even when a claimant complies with Title 12, if it disagrees with the FDIC's decision, it may seek review of its claim *only* in federal court. *Id*. § 1821(d)(6)(A). Thus, FIRREA's federal claims procedure "provide[s] the exclusive cause of action," *Beneficial Nat'l Bank*, 539 U.S. at 9, for "any claim relating to any act or omission of [a failed bank] or the [FDIC] as receiver," 12 U.S.C. § 1821(d)(13)(D)(ii).

25.     Here, Plaintiffs' claims against JPMC Bank relate to the acts and omissions of Washington Mutual Bank ("WMB"), a bank that failed and was seized by the federal banking regulators. Plaintiffs must proceed with such claims, if they could proceed at all, only pursuant to the exclusive processes established by Congress in FIRREA, or such claims are extinguished. Thus, FIRREA has "pre-emptive force," *Beneficial Nat'l Bank*, 539 U.S. at 11, and completely occupies the field of claims relating to bank failures and FDIC receivership of failed banks,

leaving no room for any claim under state law.  *See Carlyle Towers Condo. Ass'n* v. *FDIC*, 170 F.3d 301, 307 (2d Cir. 1999) (stating that "FIRREA makes exhaustion a jurisdictional requirement"); *Aber-Shukofsky* v. *JPMorgan Chase & Co.*, No. 10-CV-226 (JFB), 2010 WL 5128575 at *3-4, *9 (E.D.N.Y. Dec. 15, 2010) (dismissing claims against JPMC Bank as WMB's successor in interest for failure to comply with FIRREA's claims process).

26. Absent adherence to FIRREA, there is no cause of action against JPMC Bank available to Plaintiffs.  Accordingly, all of Plaintiffs' claims against JPMC Bank arise under federal law and thus may be removed to federal court.  28 U.S.C. §§ 1331, 1441(b).

27. In the event that this Court finds that this case arises under federal law but does not find that this action is "related to" bankruptcy proceedings, this Court should nonetheless assert supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiffs' claims against Defendants other than JPMC Bank because such claims are "so related to claims in th[is] action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  The claims against Defendants other than JPMC Bank are part of the same case or controversy because they allege substantially identical conduct by numerous Defendants who are all affiliates, subsidiaries, and/or former executives of affiliates or subsidiaries of JPMC Bank.

## V. CONCLUSION

28. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1334(b), 1331, and 1367(a), and this action may be removed to this Court pursuant to 28 U.S.C. §§ 1452(a) and 1441(b).

Dated: March 17, 2011
      New York, New York

Respectfully submitted,

Suhana S. Han (hans@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

*Counsel for the Removing Defendants*